S. S. ZIGLER, Appellee, v. PHŒNIX INSURANCE COMPANY, Appellant.

Fire Insurance: POLICY: RENEWAL: PAYMENT OF PREMIUM: WAIVER. The plaintiff, about ten days before the expiration of his policy of insurance in the defendant company, requested the defendant's agent to attend to renewing the same, which the agent promised to do. The plaintiff's policy provided that the company should not be liable thereon until the premium therefor was actually paid, and that the agents of the company have no authority to waive any condition of the policy "except by distinct specific agreement." After the plaintiff's policy had expired, and before any renewal thereof, the property insured was destroyed by fire. *Held*, that under the terms of the policy there could be no renewal thereof until the premium therefor was actually paid, or this condition of the policy waived, and that under the evidence no waiver of the condition was shown.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

FRIDAY, MAY 22, 1891.

ACTION in .equity to compel the defendant to issue a renewal of a certain policy of insurance against loss by .fire, and for judgment thereon. The plaintiff alleges in his petition that he was the holder of a policy of insurance upon a stock of merchandise at Oxford Junction against loss by fire in the sum of two thousand dollars, which policy expired August 27, 1888 ; that about the seventeenth day of August, 1888, the plaintiff informed G. R. Moore, the defendant's agent at that place, that the policy would expire on the twenty-seventh, and requested a renewal of the same ; that the defendant, through said agent, agreed, in consideration of twenty-eight dollars, to be paid by the plaintiff, to continue and renew said policy for one year; that, relying on such promise, the plaintiff procured no other insurance, and was at all times ready to perform his promise ; that. on the fifth day of February, 1889, the property was. totally destroyed by fire ; that within thirty days thereafter the plaintiff notified the defendant of the loss ; that the defendant refused to adjust said loss ; and that it was by reason of the negligence of the defendant that the plaintiff was not in possession of the renewal. The plaintiff prays that the defendant be compelled to issue the renewal, and that the plaintiff have judgment for two thousand dollars and interest. A copy of the policy is attached. The defendant answered, admitting the issuing of the policy, denying the loss, admitting notice of loss, and refusal to adjust, denying liability, and denying that the plaintiff is entitled to any relief. For further answer and defense the defendant sets out a provision in the policy that the defendant shall not be liable thereon until the premium therefor be actually paid, and that agents of the company have no authority in any manner or by any act to waive, alter, modify or strike from or change any of the conditions or restrictions of the policy, " except by distinct, specific agreement, clearly expressed and indorsed

hereupon, and signed by the agent making it." The defendant alleges that no premium was paid by plaintiff for a renewal, nor receipt given as provided in the policy, and that the policy had expired long before the loss. The defendant prays that the plaintiff's petition be dismissed. The case was tried to the court, and a decree entered in favor of the plaintiff for two thousand dollars, with interest. The defendant appeals. *Reversed.*

C. J. *Deacon*, for appellant.

Wm. G. *Thompson*, and Sam P. *Miles*, for appellee.

GIVEN, J.—I. We first inquire whether the defendant did through its agent, G. R. Moore, agree, in consideration of twenty-eight dollars, to be paid by the plaintiff, to continue said policy by renewal for the term of one year. It is clear that there could be no renewal of the policy until the premium was paid, or that clause in the policy waived which provides that the company shall not be liable by virtue of the policy, or any renewal thereof, until the premium therefor be actually paid. There is no dispute as to what took place concerning the renewal. About ten days before the expiration of the policy the plaintiff said to Mr. Moore, the agent, that he wished he would attend to renewing the policy which he carried for the plaintiff, and Mr. Moore said he would do so. This is all that passed between them,—no words about waiving any conditions of the policy, the amount of the premium, nor when nor how it should be paid. The plaintiff says: "There was nothing said about the premium." No premium has ever been offered or paid, and no renewal was executed or demanded, and the matter of renewal was allowed to stand thus until after the fire, February 5, 1889.

Passing the question of Moore's authority to waive conditions in the policy, we inquire whether it is shown that he did waive the condition in this policy as to the payment of premium. There was

nothing in the words of their interview to warrant such a conclusion. The plaintiff simply expressed the wish that he would attend to the renewal, which he said he would do. There was no mention of premium, nor the time of its payment. The plaintiff's contention is that this interview, construed in the light of their previous mode of doing this kind of business, shows an agreement as alleged. It does not appear that Mr. Moore ever waived any of the conditions of the policies held by the plaintiff, or that he ever extended to the plaintiff time for paying premiums. His habit was to write renewals, take them to the plaintiff, and get his money, but not to waive conditions or extend credit for premiums. It is probable that the plaintiff expected Mr. Moore to bring him a renewal of this policy, and get the premium, and that Mr. Moore intended to do so; but this expectation and intention do not, in the absence of the payment of the premium or an agreement for its payment, constitute a renewal of the policy. *O'Reilly v. London Assurance*, 101 N. Y. 575. There was no waiver, and, therefore, could be no renewal, without payment of the premium ; and, if Mr. Moore failed to bring the renewal, the plaintiff must have tendered the premium before he would be entitled to a renewal. If, under these facts, the defendant was seeking to recover the premium from the plaintiff, it would be a sufficient answer that it had not made a renewal; it is equally sufficient answer to the plaintiff that he did not pay the premium. It will be observed that the question we are considering is not Moore's authority to waive conditions in the policy, but whether he did in fact waive the condition as to the payment of premiums. *Young v. Ins. Co.*, 45 Iowa, 378, and other cases cited by plaintiff, are not in point on this question, as in those cases there was a waiver. Our conclusions are that, under the terms of the policy, there could be no renewal thereof that would bind the defendant until the premium for such renewal was actually paid, or this condition of the policy waived ; and that there was no waiver of the condition, and no payment of the premium, and

consequently no renewal of the policy. As this view fully disposes of the case, we do not mention other questions discussed.

The decree of the district court is REVERSED.